IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GRIPP, et al., | No. 2:14-cv-2128-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| COUNTY OF SISKIYOU, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs bring this civil rights action against the County of Siskiyou, Siskiyou County Sheriff John Lopey, Sergeant Behr Tharsing, and DOE deputy officers with the Siskiyou County Sheriff's Department. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Pending before the court is defendants' motion to dismiss (Doc. 5). A hearing on the motion to dismiss was held on November 5, 2014, before the undersigned in Redding, California. Attorney Michael Scheibli appeared on behalf of plaintiffs; attorney Robert Chalfant appeared on behalf of defendant.

/ / /

## I.   Background

This civil rights action, originally filed in the Siskiyou County Court, was removed to this court by defendants, who then filed the pending motion to dismiss.

Plaintiffs bring this action against the County of Siskiyou, Sheriff John Lopey, a Sergeant with the Sheriff's Department, Behr Tharsing, and DOE deputies. The plaintiffs Darrell, Laurie, and Elijah, allege that they have been targeted for harassment and abuse by the Sheriff's Department based on the exercise of Darrell's constitutional rights, which stems back to a 1993 arrest. They allege that in 1993 Darrell was arrested and assaulted by Siskiyou deputies; based on the assault, Darrell filed an action pursuant to 42 U.S.C. § 1983, which was dismissed on summary judgment due to malpractice by his attorney (a malpractice lawsuit he won). He was then contacted by Sheriff deputies again in 2012, but no arrest was made. Then in 2013, plaintiffs were contacted again, the result of which this case is based on.

Plaintiffs allege that defendant Tharsing and Doe deputy 1 came to the plaintiffs' home on January 27, 2013, apparently with an arrest warrant for Darrell. An altercation occurred between Darrell and the deputies, wherein Darrell was tasered, and defendant Tharsing referenced plaintiff's previously fractured arm (which occurred during the 1993 arrest). Based on the prior incidents, Laurie and Elijah went to the door to watch the incident so they could later testify. Neither Laurie nor Elijah left the house, but were ordered back inside by Tharsing, who also turned and pointed the taser at each of them. Tharsing then slammed to door on Laurie, causing injuries. After Darrell was "assaulted, tasered and placed in cuffs," Tharsing ordered Elijah outside. Elijah was then arrested.

The causes of action in the state court complaint include civil rights violation for injuries inflicted upon Darrell and Laurie, unlawful and unjustified search and seizure of Darrell's person and personal property, use of excessive force, and "other breaches of Gripp's liberty interests." These are based on insufficient cause, use of excessive force, illegal search and seizure of Darrell's body, and illegal arrest of Elijah. In addition, they allege unlawful search and

seizure under the Fourth and Fourteenth Amendment, excessive force under the Fourth Amendment, cruel and unusual punishment under the Eighth Amendment, and intimidation from exercising First Amendment right to seek redress. The plaintiffs claim their State civil rights were also violated, Darrell and Elijah were subjected to false arrest/imprisonment, battery by a peace officer, and assault.

## II.     Motion to Dismiss

### A.     Motion

Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants argue plaintiffs fail to alleged sufficient facts, and the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiffs argue the facts alleged are sufficient and the claims are not Heck barred.

### B.     Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for

failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp., 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

  C. Discussion

Defendants argue the court should dismiss this action for failure to state a claim. The defendants classify plaintiffs' federal claims as falling into four separate claims: (1) § 1983

4

1  claim under the Fourth Amendment for unlawful search and seizure; (2) a § 1983 claim for
2  excessive force under the Fourth Amendment; (3) a § 1983 claim under the Eighth Amendment
3  for cruel and unusual punishment; and (4) a criminal conspiracy under 18 U.S.C. § 241.
4  Defendants argue plaintiffs fail to state a claim under any of these claims.  In addition,
5  defendants argue that plaintiffs fail to allege any facts against Sheriff Lopey or the County, and
6  that any claims against Lopey or Tharsing in their official capacity should be dismissed.  In
7  addition, the defendants contend plaintiffs' state law claims should also be dismissed.

8          Section 1983 provides that "[e]very person who, under color of any statute,
9  ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,
10 subjects, or causes to be subjected, any citizen of the United States or other person within the
11 jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the
12 Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or
13 other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  "Traditionally, the requirements for
14 relief under [§] 1983 have been articulated as (1) a violation of rights protected by the
15 Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4)
16 acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).
17 Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law
18 (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United
19 States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367,
20 372 (9th Cir. 1999) (en banc).

21         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
22 connection or link between the actions of the named defendants and the alleged deprivations.
23 See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
24 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
25 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or
26 omits to perform an act which he is legally required to do that causes the deprivation of which

5

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### 1. First Cause of Action

In the first cause of action of the state court complaint, plaintiffs contend the defendants used excessive force in their treatment of both Darrell and Laurie; conducted unlawful search and seizure of Darrell; unlawfully arrested Darrell and Elijah; and violated Darrell's First Amendment rights. The claims are based on the statement of facts, outlined above, wherein defendant Tharsing and Doe officer arrested both Darrell and Elijah. As the defendants argue, there are no specific factual allegations in the complaint against either the County of Siskiyou or Sheriff Lopey, other than the explanation of the parties.

### a. Official capacity:

Defendants first move to dismiss the claims against the defendants which are brought against them in their official capacity.

State officials sued in their official capacity for damages are not persons for purposes of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24; Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Only if the state officials are sued in their official capacity for injunctive relief are they considered persons for purposes of § 1983. See Will, 491 U.S. at 71 n.10; Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Naming state officials in their official capacity is merely an alternative way of pleading an action against the entity of which the defendant is an officer. See Hafer v. Melo, 502 U.S. 21, 25 (1991).

Here, plaintiffs name defendants Lopey and Tharsing in both their official and individual capacities. They also name the County as a defendant. As defendants contend, the

claims are therefore duplicative. No injunctive relief is plead, only damages. Therefore, the court agrees that the claims against defendants Lopey and Tharsing in their official capacity are duplicative of those claims against the County, and should be dismissed.

Plaintiffs' arguments are not inconsistent with the dismissal of the claims against the individuals in their official capacity. Whether or not the defendants acted pursuant to an official or de facto policy, and/or can be shown to be the final policy maker, the liability for such official actions lies with the County, not the individuals.

### b. Municipality Liability:

Next, defendants move to dismiss the claims against the County for failure to state a claim for municipal liability.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

As there are no facts actually alleged against the County, the court is inclined to agree with the defendants. While there may be some facts alleged which could support a claim against the County for either an official or de facto policy, plaintiffs have not connected the dots

and actually plead that there is actually some policy, either official or de facto, that the individual defendants were acting in accordance. While notice pleading is all that is required, the factual allegations still have to be made. See Iqbal, 129 S. Ct. at 1949. There are no factual allegations made in the complaint that any of the defendants acted in accordance with any official or de facto policy of the County, and it is insufficient to simply imply such a claim.

### c. Supervisory Liability:

Next, defendants move to dismiss the claims against defendant Lopey in his individual capacity for lack of personal involvement. There are no allegations against defendant Lopey, except noting he is the Sheriff of Siskiyou county.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Iqbal, 129 S. Ct. at 1949. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

As there are no allegations that defendant Lopey was personally involved in any of the altercations and/or arrests, the only basis for liability is presumably based on his position as sheriff. Plaintiffs' argument in opposition is supportive of the above. However, they contend that from the facts alleged, it can be implied that defendant Lopey acquiesced in the actions of his subordinates. This argument fails in that such a connection must be actually plead, not implied. Vague and conclusory allegations are simply insufficient. As such, plaintiffs fail to state a claim against defendant Lopey who should be dismissed.

d.  Excessive Force (Darrell):

There appears to be two excessive force claims; one as to Darrell occurring during his arrest and the second against Laurie as she witnessed Darrell's arrest. The defendants move to dismiss Darrell's claim as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).

"In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002) (citing Heck, 512 U.S. at 487 n.6). Where the conviction or arrest and the excessive force claim did not arise from the same acts, the § 1983 case is not barred by Heck. See Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996). The question of whether a § 1983 action is barred by Heck is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false arrest or a similar claim. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). In such a situation, a stay may be appropriate until such time as the underlying criminal proceedings are concluded, at which time the court would be in a better position to evaluate whether the § 1983 action would impugn any conviction resulting therefrom. See id.

Several federal courts have found that pretrial diversion programs, where there is no conviction, does not bar a subsequent civil action under Heck. See, e.g., Vasquez Arroyo v. Starks, 589 F.3d 1091, 1095 (10th Cir. 2009); S.E. v. Grant Cnty. Bd. of Educ., 544 F.3d 633, 637-39 (6th Cir. 2008). Other federal courts, including those cited by defendants, have found the plaintiff's participation in or completion of some sort of post-conviction program is insufficient to avoid a Heck bar. See, e.g., Gilles v. Davis, 427 F.3d 197, 209-12 (3rd Cir. 2005); DeLeon v. City of Corpus Christi, 488 F.3d 649, 654-56 (5th Cir. 2007).

Here, Darrell was charged with violating California Penal Code Section 148, resisting or obstructing a peace officer, a charge to which he entered a plea agreement. Defendants argue that if plaintiff is successful in his claim here, that the defendants used excessive force during the arrest, such a determination would necessarily imply the invalidity of his conviction for resisting.

As a stand alone claim, use of excessive force is not always barred by Heck. However, as the underlying conviction (at least one of them) at issue here is that of resisting,

whether excessive force was used, thereby invalidating the lawfulness of the arrest, is a controlling issue. A finding that excessive force was used, and the arrest was therefor unlawful, would necessarily invalidate Darrell's conviction for resisting.

Plaintiffs contend there is no judgment upon which to maintain such an argument. They contend that Darrell plead no contest, which is not tantamount to an admission of guilt, and is attempting to withdraw that plea on appeal. In addition, the state court delayed entry of judgment based on the plea agreement. Therefore, there is no judgment which would be invalidated. At oral argument, plaintiff clarified his position: that <u>Heck</u> requires an actual judgment before there is any bar to proceeding with a civil action, and that here because there was a delayed entry of judgment, <u>Heck</u> does not apply.

Contrary to plaintiff's position, however, <u>Heck</u> does not require an entry of judgment. Rather, the Supreme Court specifically held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a *conviction or sentence* invalid, a § 1983 plaintiff must prove that the *conviction or sentence* has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a *conviction or sentence* that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the *conviction or sentence* has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Heck</u>, 512 U.S. at 486–87 (citations omitted) (emphasis added).

Here, plaintiff acknowledges he entered a plea and there is a valid conviction based on that plea. While the state court may have delayed the entry of judgment, the fact that

11

plaintiff is currently before the state appellate court supports the finding that a plea, even where there is no admission of guilt, still constitutes a conviction.

However, to the extent the issue of the plea is on appeal, and if there is no final conviction, it may be appropriate to stay these proceedings (instead of dismissing them completely) until such time as a final determination as to the underlying conviction can be confirmed.  See Wallace, 549 U.S. at 393-94.

Accordingly, the undersigned finds that until such time as plaintiff's conviction is either overturned or otherwise invalidated, this claim is barred by Heck and should be dismissed. However, as the appeal is still pending which may have a definitive impact on this issue, if plaintiff files an amended complaint to include this claim, it may be more appropriate to stay this action instead of dismissing this claim outright.  Plaintiff may make such a request in any amended complaint he may file.

e.  Eighth Amendment - Plaintiffs concede there is no Eighth Amendment violation.

f.  Fourth Amendment Unlawful Seizure

Plaintiffs allege the conduct of the arresting defendants, and the unlawful force used therein, "constituted an unlawful and unjustified search and seizure of Gripp's person and personal property . . . ."  This claim is not clear.  Plaintiffs do not allege any specific search occurred, but rather appear to claim that the seizure of Darrell himself was unlawful based on the amount of force used.  It is unclear how this claim differs from the claim of use of excessive force. Plaintiffs' argument in opposition does not clarify this claim, wherein they state: "The bottom line is the allegation of excessive force is a violation of the 4th Amendment based on a seizure of the body not a search of the body."  Therefore this does not appear to be a separate claim, but rather additional argument as to the excessive force claim.  Plaintiffs continue to have a Heck issue with this claim.

///

g.  18 U.S.C. § 241:

Defendants argue this claim should be dismissed as section 241 is a criminal statue and there is no private right of action to pursue a civil claims for violation.  Plaintiffs do not address this argument in their opposition, apparently conceding there is no such claim.

h.  Retaliation/First Amendment:

Plaintiffs' claim for violation of their First Amendment rights is unclear.  It appears to be based on allegations that Darrell was subjected to retaliatory treatment based on his previous § 1983 action.  These allegations are based on defendant Tharsing's remark regarding Darrell's previously broken arm.  However, it is unclear whether plaintiffs are attempting a federal or state retaliation claim, as discussed above.  Either way, there are insufficient facts alleged for the court to determine whether or not plaintiffs can state a claim for retaliation.

2.  STATE LAW CLAIMS

Plaintiff's second, third, fourth and fifth causes of action raise state law claims including violation of California Civil Code section 52.1; false arrest/imprisonment; battery by a peace officer; and assault.  Defendants contend each of these are barred under Susag v. City of Lake Forest, 94 Cal. App. 4th 1401 (Cal. App. 4th Dist. 2002), which applied the standards set forth in Heck v. Humphrey, and relate to the lawfulness of the arrest.  As discussed above, plaintiffs' claims relating to the use of force used during the arrest and the conviction for resisting arrest are barred by Heck.  It would appear that the state law claims are similarly barred.

Defendant argue in the alternative that plaintiffs fail to state a claim.  As to the violations of section 52.1(a), defendants contend plaintiff fails to plead facts that defendant Tharsing tried to prevent plaintiff from doing something he had the right to do.  Plaintiff argues defendant Tharsing attempted to injure Darrell in retaliation for filing his prior § 1983 action.

As to the false arrest/imprisonment claim, defendants contend the arrest was made pursuant to an arrest warrant, and plaintiff subsequently pled to the charges included in the warrant.  Plaintiffs argue that they are entitled to discovery to determine if probable cause

supported the warrant, or whether the defendant materially misrepresented facts to the judge in order to have the warrant[1] issued.

In addition, the defendants argue they are immune to the claims for false arrest/imprisonment under California law as the arrest was made pursuant to an arrest warrant. Plaintiff contend that if the arrest warrant was faulty, and the defendant is the swearing officer and made misstatements, then there is no immunity.

As to Laurie's claim for excessive force, the defendants contend she cannot maintain a claim. They argue that under the Bane Act, a claim for excessive force requires a separate constitutional violation apart from the force applied. The only allegation made here is the use of force closing the door in Laurie's face. No other violation is alleged. Plaintiff again argue they are entitled to discovery to determine the validity of the arrest, as the plaintiff has the right to resist an unlawful arrest. However, there is no indication that Laurie was arrested. This claim is unclear.

Finally, as to Elijah's claim for battery, there are no allegations to suggest unreasonable force, or any force, was used against Elijah to support such a claim. Plaintiff argues that the arrest was unlawful, therefore any use of force can be unreasonable. The status of the charges against Elijah is unclear.

The court agrees that plaintiffs have not plead sufficient facts to state a claim as to any of the state law violations alleged.

///

---

[1] There are apparently two different arrests at issue. The deputies had an arrest warrant for Darrell they were executing, on a brandishing a firearm charge. Then, when Darrell "resisted" they also arrested and brought charges for resisting. It is unclear which of these arrests Darrell is challenging on appeal, but the parties appeared at oral arguments to agree both are included in the appeal. Either way, the defendants argue plaintiff cannot state a claim. One arrest was made pursuant to an arrest warrant. However, if it is determined that the arrest warrant was faulty, then plaintiffs' claim would appear to have Heck bar issues. If the arrest for resisting is being challenged, there still appears to be Heck bar issues, as Darrell entered a plea to those charges as well, as discussed above.

### III. Conclusion

There are a number of basis for dismissal of this action. Plaintiffs fail to state a claim under 42 U.S.C. § 1983, several of the claims are barred by Heck and would require either dismissal or a stay, and there is insufficient facts alleged to sustain the remaining claims. However, the defects appear to be at least potentially curable. Therefore, the motion to dismiss will be granted, but plaintiffs will be given leave to amend in order to attempt to cure the defects discussed above.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant' motion to dismiss (Doc. 5) be granted;

2. Plaintiff are granted leave to file an amend complaint consistent with the above discussion; and

3. Plaintiffs shall file an amended complaint within 30 days of the date of this order.

DATED: December 18, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE