1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DARRELL GRIPP, et al.,                                    No. 2:14-cv-2128-CMK

12              Plaintiffs,

13     vs.                                                            <u>ORDER</u>

14 COUNTY OF SISKIYOU, et al.,

15              Defendants.

16 _____/

17        Plaintiffs bring this civil rights action, which continues against defendant Sergeant

18 Behr Tharsing.  Pursuant to the written consent of all parties, this case is before the undersigned

19 as the presiding judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. §

20 636(c).

21        Pending before the court is defendant's motion to dismiss (Doc. 16).  A hearing

22 on the motion to dismiss was held on April 22, 2014, before the undersigned in Redding,

23 California.  Attorney Michael Scheibli appeared on behalf of plaintiffs; attorney Robert Chalfant

24 appeared on behalf of defendant.

25 / / /

26 / / /

## I.    Background

Plaintiffs originally filed this action in Siskiyou County Superior Court.  The defendants removed it to this court, and filed a motion to dismiss.  That motion to dismiss was granted with leave to amend.  Plaintiffs filed their amended complaint, to which defendants filed the current motion to dismiss.  The parties then stipulated to the dismissal of defendants Siskiyou County and Sheriff Lopey .  Accordingly, this action is proceeding against Behr Tharsing.[1]  The stipulation indicates plaintiffs are only seeking damages and redress under federal and state law for acts occurring during Darrell Gripp's arrest for violating PC § 148 on January 27, 2013

The plaintiffs (Darrell, Laurie and Elijah Gripp) allege that they have been targeted for harassment and abuse by the Siskiyou County Sheriff's Department based on the exercise of Darrell's constitutional rights, which stems back to a 1993 arrest. The facts alleged in the amended complaint indicate that Darrell was arrested and assaulted by Siskiyou deputies; he then filed a § 1983 action which was dismissed on summary judgment due to malpractice by his attorney (a malpractice lawsuit he won); he was then contacted by Sheriff deputies again in 2012, regarding a brandishing of a firearm, but no arrest was made.  Then in 2013, plaintiffs were contacted again, the result of which this case is based on.

Plaintiffs allege that defendant Tharsing and Towers came to the plaintiffs' home on January 27, 2013, with an arrest warrant for Darrell.  An altercation occurred between Darrell and the deputies, wherein Darrell was tasered by both defendants, and defendant Tharsing referenced plaintiff's previously fractured arm (which occurred during the 1993 arrest).  Based on the prior incidents, Laurie and Elijah went to the door to watch the incident so they could later testify.  Neither Laurie nor Elijah left the house, but were ordered back by Tharsing, who also turned and pointed the taser at each of them.  Tharsing then slammed the door on Laurie, causing

---

[1]    It appears plaintiffs have now named Kelly Towers, originally named as DOE 1, as a defendant in the amended complaint. However, it does not appear that defendant Towers has actually been served and properly brought into this action. There is no proof of service filed, nor does it appear that counsel has appeared on behalf of defendant Towers.

1   injuries.  After Darrell was "assaulted, tasered and placed in cuffs," Tharsing ordered Elijah

2   outside.  Elijah was then arrested and charged with violating Penal Code § 148 for witnessing the

3   assault on Darrell.

### II.  Motion to Dismiss

5         Defendant brings this motion to dismiss on the grounds that plaintiffs fail to state

6   a claim, the claims are barred by judicial estoppel and are Heck barred.  Specifically, defendant

7   argues that all of Darrell's federal claims are barred by judicial estoppel or Heck, and his state

8   claims are barred under Susag based on his conviction for resisting arrest, failing to state a claim,

9   or the defendants are immune.  In addition, defendant contends Laurie's state claim under

10  California Civil Code§ 52.1 should be dismissed for failure to state a claim, and Elijah's state

11  law claim for battery should be dismissed for failure to state a claim.

12        In opposition to the motions, plaintiffs argue sufficient facts are alleged to state a

13  claim, judicial estoppel does not apply, and the claims are not Heck barred. Plaintiffs also

14  contend they are entitled to discovery to determine if they have a claim.

### III.  Discussion

16        In considering a motion to dismiss, the court must accept all allegations of

17  material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

18  court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

19  v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

20  738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

21  ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

22  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

23  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

24  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

25  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be

26  entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must

1   meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

2   did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

3           Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

4   the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

5   and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

6   (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

7   failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

8   recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

9   raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain

10  "enough facts to state a claim to relief that is plausible on its face." Id.  at 570.  "A claim has

11  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

13  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

14  than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

15  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

16  it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

17  (quoting Twombly, 550 U.S. at 557).

18          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

19  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

20  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

21  documents whose contents are alleged in or attached to the complaint and whose authenticity no

22  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

23  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

24  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

25  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

26  1994).

4

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

1   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

2             A.     Plaintiffs' Federal Claims:

3             The defendants move to dismiss Darrell's claim of excessive force under judicial

4   estoppel, or in the alternative as barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Specifically,

5   defendants argue judicial estoppel based on Darrell's inconsistent positions between this court

6   and the state court.  The underlying charges at issue in the State Court proceedings is resisting

7   arrest, California Penal Code § 148.  Darrell plead no contest to the charges and was sentenced to

8   probation and delayed entry of judgment.  In so doing, defendants contend he cannot come to this

9   court and challenge the constitutionality of the arrest.  Plaintiff argues that a no contest plea is

10  not equivalent to a guilty plea, leaving open the door to appeal and collateral attack.

11            Judicial estoppel "generally prevents a party from prevailing in one phase of a

12  case on an argument and then relying on a contradictory argument to prevail in another phase."

13  New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211,

14  227, n. 8 (2000).  Courts have recognized the purpose of judicial estoppel is "to protect the

15  integrity of the judicial process," by "prohibiting parties from deliberately changing positions

16  according to the exigencies of the moment."  Id. at 749-50 (quoting Edwards v. Aetna Life Ins.

17  Co., 690 F.2d 595, 598 (6th Cir. 1982); United States v. McCaskey, 9 F.3d 368, 378 (5th Cir.

18  1993)).

19            Although judicial estoppel is an equitable doctrine and thus cannot be reduced to a

20  precise formula or test,

21                  several factors typically form the decision whether to apply the
                    doctrine in a particular case: First, a party's later position must be
22                  clearly inconsistent with its earlier position. Second, courts
                    regularly inquire whether the party has succeeded in persuading a
23                  court to accept that party's earlier position . . . . A third
                    consideration is whether the party seeking to assert an inconsistent
24                  position would derive an unfair advantage or impose an unfair
                    detriment on the opposing party if not estopped."
25

26  Id. at 750-751 (citations and internal quotation marks omitted).

Here, defendant's argument is well taken.  Plaintiff's position in the state court and in this court are inconsistent.  In the state court, plaintiff plead no contest to the charges of resisting arrest.  The state court, in accepting the plea, accepted plaintiff's acquiescence as to the underlying facts establishing the charges of resisting arrest.  This agreement took away the state court's ability to evaluate the force used during plaintiff's arrest, and the determination as to whether excessive force was used which could invalidate the charges of resisting if excessive force was used.  Now, opposite of plaintiff's position in state court, plaintiff is challenging the amount of force used against him during the arrest.  Thus, he is attempting to litigate in this court the very issue he accepted in state court.  If plaintiff's position was that excessive force was used during his arrest, which could have justified resisting rendering the arrest invalid, that issue should have been addressed by the state court during those proceedings.  Pleading no contest in state court to the charges, and thereby accepting the facts as set forth, is inconsistent with his position here.  Allowing such an argument undermines integrity of the judicial process.

Alternatively, defendant continues to argue plaintiff is barred by Heck.  As previously set forth by this court, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim was cognizable because

1  challenge was to conditions for parole eligibility and not to any particular parole determination).

2      "In evaluating whether claims are barred by Heck, an important touchstone is

3  whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he

4  has been convicted.'"  Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002) (citing Heck,

5  512 U.S. at 487 n.6).  Where the conviction or arrest and the excessive force claim did not arise

6  from the same acts, the § 1983 case is not barred by Heck.  See Smithart v. Towery, 79 F.3d 951,

7  952-53 (9th Cir. 1996).  The question of whether a § 1983 action is barred by Heck is more

8  difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct

9  arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false

10  arrest or a similar claim.  See  Wallace v. Kato, 549 U.S. 384, 393-94 (2007).  In such a situation,

11  a stay may be appropriate until such time as the underlying criminal proceedings are concluded,

12  at which time the court would be in a better position to evaluate whether the § 1983 action would

13  impugn any conviction resulting therefrom.  See id.

14      Here, Darrell was charged with violating California Penal Code § 148, resisting or

15  obstructing a peace officer.  Defendants argue that if plaintiff is successful in his claim here that

16  the defendants used excessive force during the arrest, such a determination would necessarily

17  imply the invalidity of his conviction[2] for resisting.

18      As a stand alone claim, use of excessive force is not always barred by Heck.

19  However, as the underlying charges at issue here is that of resisting arrest, whether excessive

20  force was used thereby invalidating the lawfulness of the arrest is a controlling issue.  A finding

21  that excessive force was used during the arrest, rendering the arrest unlawful, would necessarily

22  invalidate Darrell's conviction and/or sentence for resisting.

23

24      [2]      The court uses the phrase "conviction" in this discussion loosely.  The court
   recognizes and understands that plaintiff plead no contest to the charges and was sentenced to
   probation and a delayed entry of judgment.  Plaintiff's argument is that based on the lack of entry
25  of final judgment, there is no actual conviction.  The court does not need to resolve whether a no
   contest plea and delayed entry of judgment is a conviction, because as discussed herein, a Heck
26  bar applies equally to a conviction or sentence.

1    Plaintiffs continue to argue that no final judgment has attached to plaintiff's

2 underlying plea agreement, thus no conviction has been rendered.  The plea agreement plaintiff

3 entered into, which was accepted by the state court, provides for a delayed entry of judgment

4 which is set to be heard in 2016.[3]  If plaintiff complies with the terms of probation, the charges

5 against him will be dismissed.

6    As set forth by the court in the prior order, final entry of judgment does not

7 necessarily appear to be a condition of applying a <u>Heck</u> bar.  The specific language from the

8 <u>Heck</u> court states conviction *or* sentence.  Here, plaintiff's no contest plea resulted in a sentence

9 of three years probation.  Plaintiff's argument that the delayed entry of judgment renders <u>Heck</u>

10 inapplicable is contrary to both the language and the intent of the case.

11    Thus, the court finds the application of judicial estoppel to be appropriate in this

12 case.  In the alternative, the court also finds Darrell's claims barred by <u>Heck</u>.  However, as

13 judicial estoppel applies, and Darrell's claims are dismissed as barred, the court need not enter a

14 stay as contemplated with a <u>Heck</u> bar.

15    B.    <u>State Law Claims</u>

16    The state law claims set forth in the amended complaint include violation of

17 California Civil Code section 52.1, false arrest and imprisonment, battery, and assault. Defendant

18 again contends that each of the claims stated by Darrell are barred under <u>Susag v. City of Lake</u>

19 <u>Forest</u>, 94 Cal. App. 4th 1401 (Cal. App. 4th Dist. 2002), which applied the standards set forth in

20 <u>Heck v. Humphrey</u>, and relate to the lawfulness of the arrest.  Defendant also argues that Laurie

21 fails to state a claim under Civil Code § 52.1, and Elijah fails to state a claim for battery.

22 */ / /*

23

24    [3]    Defendant requests the court take judicial notice of the filings in the Siskiyou
County Court.  A court may take judicial notice of court records.  See <u>MGIC Indem. Co. v.</u>
25 <u>Weisman,</u>803 F.2d 500, 504 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th
Cir. 1980). Defendant's request is therefore granted.

26

1          1. <u>Darrell's Claims</u>

2          Darrell alleges violation of California Civil Code § 52.1, false arrest and/or

3   imprisonment, battery and assault.  Defendants contend all of these claims are barred under

4   <u>Sasag</u>, fails to state a claim, and/or the defendants are immune.

5          As to the violations of California Civil Code § 52.1(a), defendant contends Darrell

6   is barred under <u>Susag</u> or, alternatively, fails to state a claim.   Plaintiffs argue Darrell is not

7   barred from bring this claim, and defendant Tharsing's attempt to injure Darrell in retaliation for

8   filing his prior § 1983 action is an attempt to chill his First Amendment right and is actionable

9   under Civil Code § 52.1.

10          In <u>Susag v. City of Lake Forest</u>, the California Court of Appeal found a claim of

11  excessive force during an arrest is barred by the Supreme Court's holding in <u>Heck</u> "since a

12  finding in [plaintiff's] favor would necessarily imply the invalidity of his conviction under Penal

13  Code section 148, subdivision (a)."  115 Cal.Rptr.2d 269, 274 (Cal. App. 2002).  In addition, the

14  Court determined that state law claims for assault and battery, intentional infliction of emotional

15  distress and false imprisonment, are not distinguishable from those claims under section 1983,

16  and are similarly precluded.  <u>See</u> <u>id.</u> at 276-77.  Plaintiffs continue to argue that because there has

17  been no final entry of judgment, they are not barred from bringing these claims.  However, based

18  on the discussion regarding the application of <u>Heck</u> above, Darrell's claims for false arrest and/or

19  imprisonment, battery and assault are similarly barred under <u>Susag</u>.

20          Defendant also contends Darrell's claim for violation of Civil Code § 52.1 are

21  based on the same excessive force facts and are similarly barred under <u>Susag</u>.  Plaintiff argues the

22  facts supporting Darrell's claim under the Bane Act amount essentially to retaliation.  In the

23  summary of facts, plaintiffs state "During the tasing Tharsing grabbed Gripp's arm and began

24  hurting him.  Tharsing asked Gripp 'is this the one' clearly referring to the prior incident from

25  1993, where sworn officers from the Siskiyou County Sheriff's Department had fractured Gripp's

26  arm.  Tharsing attempted to injure Gripp for filing the 1993 Lawsuit against the Siskiyou

1   Sheriff's Department."  (Amend. Compl., Doc. 15, at 5).

2           The Bane Act provides that if a person interferes, or attempts to interfere, "by

3   threats, intimidation, or coercion . . . with the exercise or enjoyment . . . of rights secured by the

4   Constitution or laws of the United States" an action for damages may be brought.  Cal. Civ. Code

5   § 52.1.  Plaintiff argues that defendant Tharsing's acts in attempting to hurt Darrell while

6   referring to his prior injury was done in retaliation for the exercise of free speech, that of bringing

7   a civil rights action.  Defendants argue in reply that this claim was essentially dismissed based on

8   the stipulation that plaintiffs are not challenging the arrest pursuant to the warrant.  However, the

9   facts alleged supporting the Bane Act claim are not contingent on the validity of the arrest

10  warrant.  The facts alleged go beyond the use of excessive force, and sound in retaliation.  If the

11  Bane Act claim was only based on the use of excessive force, the court may agree that such a

12  claim would be barred under Susag.  However, based on the additional facts alleged, as set forth

13  above, the court finds the Bane Act claim is sufficiently plead, and not barred by Susag.

14                              2.  Laurie's Claims

15          Defendant next contends that Laurie fails to state a claim for violation of the Bane

16  Act.  In response, plaintiffs argue that Laurie is entitled to discovery to determine the validity of

17  the arrest.  However, this argument would only make sense if Laurie was claiming she was

18  lawfully resisting the arrest of herself.  There are no facts alleged in the complaint which could

19  be construed to indicate that Laurie was ever arrested.  The Bane Act violation appears to be

20  based solely on the use of force, specifically the slamming of the door which she alleges caused

21  her injury.  As defendants argue, the Bane Act requires a separate constitutional violation apart

22  from the use of force.  See Rodriguez v. City of Fresno, 819 F.Supp.2d 937, 943 (E.D. Cal.

23  2011).  Plaintiffs do not argue otherwise.  Therefore, the court finds Laurie fails to state a claim

24  for violation of the Bane Act.

25  / / /

26  / / /

1                 3.  <u>Elijah's Claims</u>

2        Finally, defendant moves to dismiss Elijah's claim for battery.  Defendant argues

3 the complaint fails to allege any facts to support a claim for battery, that the facts alleged do not

4 show any unreasonable force was used.  Plaintiff contend that Elijah was arrested for watching

5 his father be assaulted, no other reasons.  As this arrest was illegal, any act of force, even the

6 smallest amount, can be actionable.

7        As defendant puts forth in his motion, a claim for battery by a peace officer must

8 include allegations that the defendant used an unreasonable amount of force to arrest the plaintiff,

9 the plaintiff did not consent to the use of force, that plaintiff was harmed, and that defendant's

10 use of unreasonable force was a substantial factor in causing plaintiff's harm, citing <u>Pryor v. City</u>

11 <u>of Clearlake</u>, 844 F.Supp.2d 929, 952 (N.D. Cal. 2012).

12        The court agrees that there are no facts alleged to support a claim for battery.

13 While the amended complaint makes the allegations that the arrest was illegal, there are no facts

14 alleged that any force was used, not even that handcuffs were applied too tightly.  The complaint

15 states that Tharsing demanded Elijah get outside, which he did, and that Elijah was then arrested.

16 Such allegations are insufficient to state a claim for battery.

17        The lack of factual allegations as to any amount of force being used was addressed

18 in the prior motion to dismiss.  The court previously dismissed this claim due to the lack of

19 factual allegations in support thereof, but provided plaintiffs an opportunity to amend to cure that

20 defect.  Based on the allegations in the amended complaint it is clear that plaintiffs are either

21 unable or unwilling to allege sufficient facts to support this claim.  Therefore, while leave to

22 amend is generally given where defects are curable, plaintiffs have already had the opportunity to

23 cure, and failed to do so.  No further leave to amend will be granted.

24       **IV.  Conclusion**

25        Based on the above discussion, the court finds Darrell's claims under 42 U.S.C. §

26 1983 are barred by judicial estoppel, and his state law claims for false arrest and/or

1  imprisonment, battery and assault are barred by <u>Susag v. City of Lake Forest</u>, 115 Cal.Rptr.2d

2  269 (Cal. App. 2002).  Those claims will be dismissed from this action.  Darrell's claim for

3  violation of the Bane Act, California Civil Code § 52.1, is not barred by <u>Susag</u>, and is sufficiently

4  plead to defeat a motion to dismiss.  However, Laurie fails to state claim for violation of the

5  Bane Act, and that claim will be dismissed.  Finally, Elijah's claim for battery by a police officer

6  is inadequately plead, and no further leave to amend is granted.

7                 Accordingly, IT IS HEREBY ORDERED that:

8        1.     Defendant's motion to dismiss (Doc. 16) is granted in part;

9        2.     The motion to dismiss plaintiff Darrell Gripp's first claim, for the use of

10                    excessive force under 42 U.S.C. § 1983 is granted as this claim is barred

11                    by judicial estoppel;

12        3.     The motion to dismiss plaintiff Darrell Gripp's third, fourth, and fifth

13                    claims for false arrest and/or imprisonment, battery and assault is granted

14                    as these claims are barred by <u>Susag v. City of Lake Forest</u>, 115

15                    Cal.Rptr.2d 269 (Cal. App. 2002);

16        4.     The motion to dismiss plaintiff Darrell Gripp's second claim for violation

17                    of the Bane Act is denied;

18        5.     The motion to dismiss plaintiff Laurie Gripp's second claim for violation

19                    of the Bane Act is granted;

20        6.     The motion to dismiss plaintiff Elijah Gripp's fourth claim for battery is

21                    granted, this claim is dismissed with no further leave to amend; and

22        7.     Defendant shall file a response to the amended complaint within 30 days.

23  DATED:  October 21, 2015

24

25                                      **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE

26